United States District Court

For the Northern District of California

1

2

3    UNITED STATES DISTRICT COURT

4    NORTHERN DISTRICT OF CALIFORNIA

5    OAKLAND DIVISION

6

7    MICAH D. DECLOUETTE,

8         Plaintiff,                           No. C 12-5316 PJH (PR)

9    vs.                                       **ORDER OF DISMISSAL WITH
                                               LEAVE TO AMEND**
10   PEOPLE OF THE STATE OF
     CALIFORNIA,
11
              Defendant.
12   _____/

13        Plaintiff, a detainee at San Bruno County Jail, has filed a pro se civil rights complaint

14   under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.

15                                    **DISCUSSION**

16   **A.    Standard of Review**

17        Federal courts must engage in a preliminary screening of cases in which prisoners

18   seek redress from a governmental entity or officer or employee of a governmental entity.

19   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

20   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

21   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at

22   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police*

23   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

26   the statement need only '"give the defendant fair notice of what the . . . . claim is and the

27   grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

28   omitted).  Although in order to state a claim a complaint "does not need detailed factual

United States District Court
For the Northern District of California

1  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

2  requires more than labels and conclusions, and a formulaic recitation of the elements of a

3  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

4  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

6  plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

7  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

8  framework of a complaint, they must be supported by factual allegations.  When there are

9  well-pleaded factual allegations, a court should assume their veracity and then determine

10  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct.

11  1937, 1950 (2009).

12      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements:  (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged deprivation was committed by a person acting under the

15  color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **B.    Legal Claims**

17      Plaintiff states he was denied visits with his fourteen month old baby, was denied

18  medical attention for his shoulder, deputies ridiculed him and he is improperly in

19  administrative segregation.  Plaintiff provides no other information regarding these

20  allegations and does not describe what defendants were responsible for these actions.

21      These allegations are insufficient to meet the *Iqbal* standard.  Plaintiff must provide

22  specific factual allegations as to what each individual defendant actually did, identified as

23  closely as possible by time and location, sufficient to make it plausible that he has a claim

24  for relief against each defendant.  Plaintiff must describe how the individual defendants'

25  actions caused him harm and he must specifically describe that harm.

26                            **CONCLUSION**

27      1. The complaint is **DISMISSED** with leave to amend in accordance with the

28  standards set forth above.  The amended complaint must be filed no later than **February 4,**

**United States District Court**
For the Northern District of California

1   **2013**, and must include the caption and civil case number used in this order and the words

2   AMENDED COMPLAINT on the first page.  Because an amended complaint completely

3   replaces the original complaint, plaintiff must include in it all the claims he wishes to

4   present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not

5   incorporate material from the original complaint by reference.  Failure to amend within the

6   designated time will result in the dismissal of these claims.

7       2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

8   court informed of any change of address by filing a separate paper with the clerk headed

9   "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

10  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

11  Federal Rule of Civil Procedure 41(b).

12      **IT IS SO ORDERED.**

13  Dated: January 4, 2013   _____

14                                  PHYLLIS J. HAMILTON
                                United States District Judge

15  G:\PRO-SE\PJH\CR.12\Declouette5316.dwlta.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

3