UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICAH D. DECLOUETTE,

    Plaintiff,

vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendant.

No. C 12-5316 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, a detainee at San Bruno Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff states he was denied visits with his child while at San Bruno Jail.  Jail officials allege that plaintiff has been uncooperative, aggressive and making death threats against staff, thus his visits must be behind glass until his behavior improves and he begins to act in ways that are safe for all people.  Plaintiff disputes these allegations.

Yet, plaintiff is informed that he does not have a due process or Eighth Amendment constitutional right to visitation rights.  *See generally Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454 (1989) (considering the denial of visitation rights under the Due Process Clause of the Fourteenth Amendment); *Keenan v. Hall*, 83 F.3d 1083 (9th Cir.1996) (considering the denial of visitation rights under the Eight Amendment).  In addition, "there is no constitutional right of 'access to a particular visitor.' " *Keenan*, 83 F.3d at 1092 (quoting *Ky. Dep't of Corr.,* 490 U.S. at 460–61); *see also Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir.

1994); *Toussaint v. McCarthy*, 801 F.2d 1080, 1113-14 (9th Cir. 1986).  If plaintiff is a pre-trial detainee he still does not have an absolute right to contact visitation.  *See Block v. Rutherford*, 468 U.S. 576, 585–89 (1984) (upholding a blanket prohibition on contact visitation for pretrial criminal detainees as reasonably related to a legitimate government interest in security).

Thus, plaintiff's amended complaint will be dismissed and as it is clear that no amount of amendment would cure the deficiencies noted above, this case is dismissed with prejudice.  *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

## CONCLUSION

The complaint will be **DISMISSED** and as plaintiff has already been provided an opportunity to amend and as it is clear no amount of amendment would cure the deficiencies of this action, the case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Dated:  February 14, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.12\Declouette5316.dsm.wpd